IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ARCHIBALD and ANGELA ARCHIBALD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 17-CV-848-NJR-RJD ) |
| NAVDEEP SINGH and ORBIT EXPRESS, INC., | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiffs' "Motion for Relief from the Court's Order of Dismissal with Prejudice of Defendant Navdeep Singh" (Doc. 23). Plaintiffs filed this action on August 9, 2017. On December 14, 2017, the Court notified Plaintiffs that, should they fail to serve Mr. Singh or otherwise respond to the Court's Notice by December 21, 2017, the Court would dismiss Mr. Singh for want of prosecution (*See* Doc. 19). Involuntary dismissals for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) are presumed to be with prejudice unless a court specifies otherwise. *See Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014). Plaintiffs took no action in response to the Court's Notice. Thus, on December 22, 2017, the Court dismissed Defendant Navdeep Singh for want of prosecution pursuant to Rule 41(b) (Doc. 21).

On January 5, 2018, Plaintiffs filed a motion to set aside the Court's December 22

Order pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 23). Plaintiffs explain that, on January 2, 2018, they received notice from the Ministry of the Attorney General of the Ontario Court of Justice that service of Mr. Singh had already been effectuated. Mr. Singh was actually served in Canada on December 5, 2017, *prior* to the Court entering its initial Notice to Plaintiffs. Due to the fact that Mr. Singh is a foreign citizen, and given the lack of response to the summons from the serving entity at the time, Plaintiffs were under the mistaken belief that service on Mr. Singh would not be effectuated within a reasonable time. Plaintiffs further explain that they were under the mistaken belief that dismissal of Mr. Singh would be without prejudice, given that an Illinois state court dismissal for want of prosecution is non-prejudicial.

Rule 60(b) permits a court to vacate a judgment, order, or proceeding when a party brings a motion based on one of six specific grounds:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Whether to grant relief under Rule 60(b) rests with the trial court's discretion. *See Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

The applicable subsection here, as invoked by Plaintiffs, is (b)(1), which permits relief from an order on grounds of "mistake, inadvertence, surprise, or excusable

neglect." FED. R. CIV. P. 60(b)(1). Mr. Singh was actually served on December 5, 2017, but Plaintiffs did not receive notice of this until January 2, 2018 (*see* Doc. 23-1, p. 1-3). After receiving such notice, Plaintiffs promptly notified the Court by filing a Rule 60 motion on January 5, 2018. Granting Plaintiffs' requested relief would not cause any apparent prejudice as this case is still in the early stages of litigation. Further, although dismissals under Rule 41(b) are presumed to be with prejudice, the Court made no mention in the Notice as to the prejudicial effect of Mr. Singh's impending dismissal. In considering the totality of the circumstances, the Court finds that Plaintiffs have made a sufficient showing of mistake and/or excusable neglect to warrant relief.

Accordingly, the Court **GRANTS** Plaintiffs' motion (Doc. 23) and **VACATES** the Order entered on December 22, 2017. The Clerk's Office is **DIRECTED** to reinstate Navdeep Singh as a defendant in this action. Plaintiffs shall promptly file the executed summons.

**IT IS SO ORDERED.**

**DATED:   January 9, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**